## COMMONWEALTH *vs.* EUGENE CONLEY.

Proof of habitual intoxication will support an indictment for being a common drunkard, without proof of any disturbance of the public peace and good order.

CHAPMAN, J. The defendant is indicted as a common drunkard ; and on the trial of the indictment in the superior court his counsel requested the presiding judge to instruct the jury, that, in order to convict, they must be satisfied not only that the defendant was habitually drunk, but that he was drunk in such a way as to disturb the public peace and good order.

The court declined to give this instruction, and instructed the jury that it would be sufficient if they were satisfied that the defendant was habitually drunk during the time covered by the indictment. This instruction was correct; because the statute does not make a disturbance of the peace a constituent part of the offence, nor does it distinguish between the different effects of drunkenness. Though a person may keep himself so excessively intoxicated as to be unable to disturb the public peace, this would be no defence; for the statute makes it an offence simply to be a common drunkard, without anything more. The exception does not raise the question, what relation the word " common " may have to the secrecy or publicity of the affair and therefore the case of *Commonwealth* v. *Whitney*, 5 Gray, 85 cited by the defendant, is not in point. *Exceptions overruled.*

*W. H. Mc Cartney*, for the defendant.

*Phillips*, A. G., for the Commonwealth.